UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BANDELE BAAKO PRIOLEAU,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER TO FILE AMENDED COMPLAINT**<br><br>Case No. 2:22-cv-00227<br><br>District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

## BACKGROUND

On March 30, 2022, pro se Plaintiff Bandele Baako Prioleau, proceeding *in forma pauperis*, filed his 42 U.S.C. § 1983 action against the State of Utah seeking "45 million dollars" in damages. (*See* Compl., ECF. No. 5.) As set forth in the complaint, Mr. Prioleau claims that, as an "indigenous American national and a non-corporate living man[,]" his civil rights were violated when he was pulled over by police officer Jared Hillhouse "for allegedly speeding[.]" (*Id.* at 4.) Thereafter, Plaintiff asserts "Utah State Troopers and [the] San Juan County Sherriff busted [his] windows and took [him] to jail with no bail for two months!" (*Id.*)

Upon review, and consistent with the instructions set forth herein, the court ORDERS Mr. Prioleau to file an Amended Complaint no later than **June 6, 2022**.

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed *in forma pauperis*, the court may dismiss the case if it determines the complaint "(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). In determining whether a

1

complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). A complaint is frivolous where "it lacks an arguable basis either in law or in fact." *Tucker v. U.S. Ct. of App. for the Tenth Cir.*, 815 F. App'x 292, 293 (10th Cir. May 19, 2020) (unpublished) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

Because Plaintiff proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted). While the court must make some allowances for a pro se plaintiff's "failure to cite

proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## ANALYSIS

Plaintiff's § 1983 action identifies the State of Utah as the sole named Defendant. (ECF No. 5 at 2.) Under the Eleventh Amendment of the United States Constitution, the State of Utah has sovereign immunity from suits brought in federal court. *Sussman v. Weber State Univ.,* 2017 U.S. Dist. LEXIS 25794, at * 5 (Dist. Utah Feb. 22, 2017) (citations omitted).[1] This immunity extends to suits brought under 42 U.S.C. § 1983. *Id.* As a result, Plaintiff's § 1983 action against the State of Utah is frivolous and his complaint fails to state a claim on which relief can be granted.

Dismissal of a pro se complaint however "is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (internal quotation marks omitted). Accordingly, the court gives Plaintiff an opportunity to amend his complaint. However, prior to filing an amended pleading, Mr. Prioleau should consider these general points:

(i) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo,* 132

---

[1] Plaintiff does not plead any exceptions to the sovereign immunity rule. *See Sussman,* 2017 U.S. Dist. LEXIS 25794, at *5-6.

F.3d 609, 612 (10th Cir. 1988) (stating amended complaint supersedes original). The Amended Complaint may also not be added to after it is filed without moving for amendment.[2]

 (ii) The Amended Complaint must clearly state what each defendant---typically, a named governmental employee---did to violate Plaintiff's civil rights. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

 (iii) Each cause of action, together with the facts and citations that directly support each claim, should be separately stated. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 (citing *Twombly*, 550 U.S 544, 591 n. 10 (2007) ("The *Twombly* Court was

---

[2] The rule on amending a pleading reads:

> (a) Amendments Before Trial.
>  (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>   (A) 21 days after serving it, or
>   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>  (2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15.

4

particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].'")). Given such a complaint, "'a defendant seeking to respond to plaintiff's conclusory allegations. . . would have little idea where to begin.'" (*Id.*).

(iv) A plaintiff who brings a constitutional claim under § 1983, must satisfy the personal participation requirement. That is,

> the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants--"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"--and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790 (10th Cir. 2008)).

5

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must cure the Complaint's deficiencies, as noted above, by filing a document entitled "Amended Complaint" that does not refer to or include any other document. The Amended Complaint shall be filed no later than **June 6, 2022**.

(2) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be recommended for dismissal.

(3) Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

(4) If Plaintiff fails to timely cure the above deficiencies according to this Order's instruction, the action will be recommended for dismissal.

(5) Other than an Amended Complaint, the restriction on filing motions or other documents set forth in the court's May 2, 2022, Order remains in place. (ECF No. 9.)

DATED this 9th day of May 2022.

BY THE COURT:

_____
Dustin B. Pead
United States Magistrate Judge